

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1473–14

**WILLIAM BRYAN FINLEY, III, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### WILLIAMSON COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### DISSENTING OPINION

In *Dobbs v. State*, 434 S.W.3d 166 (Tex. Crim. App. 2014), the majority concluded

that the defendant's actions of displaying a gun, refusing to put the gun down, and

threatening to shoot himself did not constitute "force against" a peace officer within the

meaning of Texas Penal Code §38.03. I dissented in that case because I felt that the

defendant exerted force in opposition to the officers in the form of power, violence, and

pressure against them, and that his actions were a clear threat to the officers. The majority now says that "pulling away from the officers satisfies the physical in opposition or hostility to the police officers requirement" and concludes that the Appellant in this case "used force against the officers by pulling against the officers' force." I am having a hard time understanding how brandishing a weapon in the presence of multiple police officers and threatening to shoot yourself if the officers attempt to arrest you–a situation that could result in the death or serious injury of multiple people–is not using force against an officer but holding your arms in front of you is.

Because I would hold that Appellant's conduct here was not sufficient to constitute force against an officer under Texas Penal Code §38.03, I respectfully dissent.


Filed: February 24, 2016

Publish